IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mason Johnson, | ) C/A No. 5:12-1914-JMC-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | )     Partial Summary Dismissal |
| John H. Gregory, III; Kathryn Bumgardner; and Officer Daniels, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Mason Johnson, ("Plaintiff"), is a state prisoner in the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"), in Ridgeville, South Carolina, who is proceeding pro se and *in forma pauperis*. Plaintiff brings this action pursuant to 28 U.S.C. § 1983, seeking declaratory relief and monetary damages.[1] The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendant John H. Gregory, III. The undersigned recommends the Complaint be served on Defendant Kathryn Bumgardner and Defendant Officer Daniels.

---

[1] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3(1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988), *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

I.   Background

   A.   Plaintiff's Allegations

Plaintiff alleges that, while he was confined in the York County Detention Center ("YCDC") in York, South Carolina, he was subjected to an "assault and battery, and deliberate indifference to serious medical needs [that] violated [his] rights and constituted cruel and unusual punishment and inadequate medical care under the Eighth Amendment to the United States Constitution." Compl. ¶ 22.  Plaintiff alleges that Defendant Gregory is the "Chief" of the YCDC and that Defendants Bumgardner and Daniels are "Private[s]" at YCDC. *Id.* ¶¶ 5-7. Plaintiff alleges that, on December 31, 2009, while Defendants Bumgardner and Daniels were taking Plaintiff out of his cell for recreation, Plaintiff was told to place both hands through the 5" x 15" flap in his cell door so that Defendant Bumgardner could handcuff him. *Id.* ¶¶ 8-9. Plaintiff alleges that, after Defendant Bumgardner placed the handcuffs on Plaintiff, "she slid her baton through the cuffs and the door to prevent Plaintiff from moving." *Id.* ¶ 10. Plaintiff alleges that Defendant Bumgardner then "unlocked the cell door so that it could be opened half way–in which Officer Daniels could then place leg restraints on Plaintiff," and while this was being done "Officer Bumgarder twisted her baton which was still in the cuffs so far that she broke the hand-cuffs on Plaintiff's wrist." *Id.* ¶¶ 11-12. Plaintiff alleges that "[his] weight was around 265 lb and this played a major factor in his balance.  Balancing on one foot with his hands through the flap is somewhat of a trying feat." *Id.* ¶ 13.  Plaintiff alleges that "when [he] did give way and lose his balance causing him to lean backwards, this then causing him to pull some away from Officer Bumgardner she took this as him giving resistance, and started twisting her baton.  At the Plaintiff's request at her to stop, she continued to twist her baton with such force she caused the hand-cuffs to break while the Plaintiff

2

had to endure the pain until she broke them." *Id.* ¶¶ 14-15. Plaintiff alleges that "he received severe injury to his wrist in which he had to mend himself due to the fact he was denied any medical care at all [during] his entire stay at [YCDC]." *Id.* ¶ 18.

Plaintiff alleges that he "was unable to use [the] inmate grievance procedure available at [YCDC] to try and solve this problem. At every request to do so he was denied by staff." *Id.* ¶ 19. Plaintiff alleges that, "in 2010, he tried further to handle this problem before seeking help by this honorable court, and was denied again and threat[en]ed by Kristie Jordan General Counsel if he did p[u]rsue this." *Id.* ¶ 20.

Plaintiff asks for "declaratory relief pursuant to 28 U.S.C. section 2201 and 2202," Compl ¶ 1, "compensatory damages in the amount of $250,000.00 against each defendant, jointly and severally," and "punitive damages in the amount of $250,000.00 against each defendant[,]" *id.* ¶¶ 23-25.

B. Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A; and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding

3

with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

II. Discussion

Plaintiff's Complaint makes only a general allegation that Defendant John H. Gregory, III "is head of the overall operations for York County Detention Center, who at all times mentioned in this complaint, held the position of chief." Compl. ¶ 5. A claim based on respondeat superior does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. at 1948. As the *Iqbal* Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." *Id.* at 1949. Indeed, the dissent in *Iqbal* opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." *Id.* at 1957 (Souter, J., dissenting). Even if the majority in *Iqbal* did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to state a plausible claim under such a theory, based on Fourth Circuit precedent. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (citations omitted). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff

5

to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). To be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Moreover, in order to state a cognizable claim under § 1983, a complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[]." *Freedman v. City of Allentown, Pa.*, 853 F.2d 1111, 1114 (3d. Cir. 1988).

Plaintiff's allegation against Defendant Gregory fails to rise to the level of an Eighth Amendment or Fourteenth Amendment violation for two key reasons.[2] First, Defendant Gregory can fairly be described as a "supervisory defendant" because of his alleged role as Chief of YCDC. Plaintiff cannot assert liability against Defendant Gregory solely on the theory of respondeat superior. Secondly, the allegations in Plaintiff's Complaint and the attached document do not allege that Defendant Gregory took any direct, personal action with respect to the alleged December 31, 2009 assault and battery upon Plaintiff by Defendants Bumgardner and Daniels, or with respect to the alleged indifference by YCDC staff to Plaintiff's medical needs. Despite the court's assumption

---

[2] Claims concerning conditions of confinement imposed upon pretrial detainees are examined under the Due Process Clause of the Fourteenth Amendment as opposed to the cruel and unusual punishment prohibition of the Eighth Amendment, which applies to convicted inmates. *See Bell v. Wolfish*, 441 U.S. 520, 535-38 (1979). The Fourteenth Amendment proscribes punishment of a detainee prior to an adjudication of guilt, without due process of law. *Id*. As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. *See, e.g., Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992) (citing *Bell*).

that all of the facts in Plaintiff's Complaint are true, Plaintiff has failed to allege that Defendant Gregory had actual or constructive knowledge that his subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Plaintiff. Accordingly, Plaintiff's claim against Defendant Gregory should be summarily dismissed, without prejudice and without issuance and service of process.

Plaintiff's Complaint raises sufficient allegations with respect to the conduct of Defendants Bumgardner and Daniels to require that the Complaint be served upon them and that they answer or otherwise respond to Plaintiff's allegations.

III.  Recommendation

For the reasons discussed above, the undersigned recommends that the Complaint be partially summarily dismissed as to Defendant John H. Gregory, III, without prejudice and without issuance and service of process. The Complaint should be served on the Defendants Bumgardner and Daniels.

IT IS SO RECOMMENDED.

August 23, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).