UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mason Johnson, | ) | C/A No.   5:12-cv-01914-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kathryn Bumgardner and Officer Daniels, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Mason Johnson is a state prisoner who brought this civil rights action pro se pursuant to 42 U.S.C. § 1983.  This matter comes before the court on Plaintiff's Motion for Issuance of Subpoena, ECF No. 41; Motion for Jury Trial, ECF No. 42; Motions to Compel, ECF Nos. 44, 61; Motion for Expert Witness/Physical Examination, ECF No. 47; and Motion for Sanctions, ECF No. 57.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

**Motion for Issuance of Subpoena, ECF No. 41**

Plaintiff's motion, filed January 31, 2013, requests that the court issue subpoenas requiring the named York County Detention Center ("YCDC") employees to "give testimony in this action" and "to produce all relevant documents" including the videotape and medical records "pertaining to the incident that took place on Dec. 31, 2009." ECF No. 41.  Defendants oppose Plaintiff's motion arguing that Plaintiff's motion is "too early for trial" and "too late for discovery, which ended per the Scheduling Order issued in this case on February 4, 2013." ECF

No. 52. Because both parties have pending motions for summary judgment, which if granted would end Plaintiff's case, the court finds that Plaintiff's motion seeking to subpoena certain individuals for attendance at trial is premature.

In regard to Plaintiff's request to issue a subpoena requiring YCDC employees to produce "all relevant documents, videotapes, policies [and] medical records pertaining to the incident that took place on Dec. 31, 2009," the court finds that Plaintiff's requests seek documents or information relevant to the prosecution of Plaintiff's case. The court further finds that Plaintiff timely served discovery requests on Defendants seeking this information, but neither of the Defendants is currently employed by YCDC, and were therefore unable to respond to Plaintiff's discovery requests. The court finds that Plaintiff has been diligent in seeking the requested information and therefore grants Plaintiff's Motion for Subpoena, ECF No. 41, in part. The Clerk of Court is directed to issue a subpoena to York County Detention Center, Moss Justice Center, 1675-3A York Hwy, York, S.C. 29745, for a copy of all relevant documents, videotapes, policies and medical records pertaining to Plaintiff Mason Johnson and the incident that took place on December 31, 2009. Plaintiff is advised that he is responsible for ensuring that the subpoena is mailed to York County Detention Center at the address listed on the subpoena upon issuance of the subpoena by the Clerk.

**Motion for Jury Trial, ECF No. 42**

Plaintiff's motion for a jury trial, ECF No. 42, is granted.

**Motion to Compel, ECF No. 44**

Plaintiff moves this court for an order compelling Defendants to produce his medical records "from the time of booking at York County Detention Center ("YCDC") until his release" and a copy of the videotape of the incident that occurred on December 31, 2009. ECF No. 44.

2

Plaintiff also asks that the court order Defendants to pay his expenses associated with obtaining the requested relief. *Id.* Defendants oppose Plaintiff's motion and argue that they are no longer employed at YCDC. ECF No. 53. Defendants contend that they have responded fully to Plaintiff's discovery requests by filing a supplemental response in which they have produced "YCDC records authored by Defendants responsive to Plaintiff's request." *Id.* Defendants also argue that Plaintiff's request for costs should be denied. *Id.* Plaintiff has not responded to Defendants' assertion that they complied with Plaintiff's discovery requests. As it appears that Defendants have fully responded to Plaintiff's discovery requests, Plaintiff's Motion to Compel, including requests for costs, ECF No. 44, is denied.

**Motion for Expert Witness/Physical Examination, ECF No. 47**

In his motion, Plaintiff states that he seeks a physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. ECF No. 47. Plaintiff contends that he needs an expert to examine his wrists and "to state the amount of excessive force needed to break handcuffs," and to "state the pain Plaintiff suffered while handcuffs were broken off of his wrist," and to "state the excessive force used raised a constitutional violation." *Id.* Defendants oppose this motion. ECF No. 55.

Rule 35 of the Federal Rules of Civil Procedure provides, in relevant part,

> **(a) Order for Examination**
> **(1)** *In general*. The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> **(2)** *Motion and Notice; Contents of the Order*. The order:
> > **(A)** may be made only on motion for good cause and notice to all parties and the person to be examined; and
> > **(B)** must specify the time, place, manner, conditions, and scope of examination, as well as the person or persons who will perform it.

FED. R. CIV. P. 35(a). However, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 Fed. Appx. 611, 614 (7th Cir. 2003). Instead, Rule 35 allows, under "appropriate circumstances," a court "to order a party to submit to a physical examination at the request of an opposing party." *Id.; see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (no abuse of discretion where the district court denied the plaintiff's Rule 35 motion where the plaintiff's "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs"); *Vinson v. U.S. Marshals Serv.,* C/A No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) (adopting the Magistrate Judge's recommendation to deny the plaintiff's motion requesting a physical and mental evaluation of himself). Accordingly, Plaintiff's Motion for Expert Witness/Physical Examination, ECF No. 47, is denied.

**Motion for Sanctions, ECF No. 57**

Plaintiff requests that the court grant his pending motion for an expert witness, motion for issuance of a subpoena, motion for a jury trial, and motion for summary judgment and to enter sanctions against Defendants. ECF No. 57. The court finds that sanctions are not warranted in this matter, and therefore Plaintiff's Motion for Sanctions, ECF No. 57, is denied.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Issuance of Subpoena, ECF No. 41, is granted in part and denied in part; Motion for Jury Trial, ECF No. 42, is granted; Motion to Compel, ECF No. 44, is denied; Motion for Expert Witness/Physical Examination, ECF No. 47, is denied; Plaintiff's Motion for Sanctions, ECF No. 57, is denied; and Plaintiff's Motion to Compel, ECF No. 61, is denied as moot.

IT IS SO ORDERED.

March 20, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

5