# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mason Johnson, | ) | C/A No.   5:12-cv-01914-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Kathryn Bumgardner and Officer Daniels, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate proceeding pro se, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on Plaintiff's Motion for Summary Judgment filed on February 13, 2012, opposing Defendants' Answer to the Complaint. ECF No. 49. Defendants filed a response in opposition to Plaintiff's motion on March 18, 2013.[1] ECF No. 63. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Plaintiff's Motion for Summary Judgment is dispositive, a Report and Recommendation is entered for the court's review.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp.*, 477 U.S. at

---

[1] Defendants filed a Motion for Summary Judgment on this same date, ECF No. 62, and rely on the accompanying memorandum to oppose Plaintiff's summary judgment motion.

322). If the movant carries its burden, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Anderson,* 477 U.S. at 248.

The undersigned has thoroughly reviewed Plaintiff's motion, along with Defendants' brief in opposition, and finds that Plaintiff has not met his burden under Fed. R. Civ. P. 56 to show that no genuine issues of fact remain. Plaintiff's summary judgment motion consists of a reiteration of the facts alleged in his Complaint. While Plaintiff's allegations may be sufficient to demonstrate that triable issues of fact exist for trial, this evidence does not eliminate all doubt as to Defendants' liability, as is required to grant summary judgment in Plaintiff's favor. The court will, however, consider Plaintiff's motion in deciding Defendants' pending Motion for Summary Judgment, ECF No. 62, along with any response Plaintiff files in opposition to that motion. Summary judgment, however, cannot be granted to Plaintiff on the record before the Court. Accordingly, the undersigned recommends that the Plaintiff's Motion for Summary Judgment, ECF No. 49, be denied.

IT IS SO RECOMMENDED.

March 21, 2013                                                      Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge