UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mason Johnson, | ) | C/A No. : 5:12-cv-01914-JMC-KDW |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Kathryn Bumgardner and | ) | |
| Officer Daniels, | ) | |
| Individual Capacities, | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

Plaintiff, proceeding pro se, seeks relief pursuant to Title 42, United States Code § 1983. This matter is before the court on Plaintiff's Motion for Examination, ECF No. 120. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

Plaintiff moves the court for a physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. ECF No. 120. Plaintiff moves for a medical examination "by a certified doctor in regard to the injuries he suffered to his wrist while under the care of the defendants at York County Detention Center." *Id*. at 1. Plaintiff requests that Defendants pay for expenses incurred by the outside medical examination if the court were to grant it. *Id.*

Similarly, in a previous Motion for Expert Witness/Physical Examination, ECF. No. 47, Plaintiff stated that he needed an expert to examine his wrists and "to state the amount of excessive force needed to break handcuffs," and to "state the pain Plaintiff suffered while

handcuffs were broken off of his wrist," and to "state the excessive force used raised a constitutional violation." *Id*. at 1. The court denied this motion. ECF No. 67.

Defendants filed a Response in Opposition to Plaintiff's most recent Motion to be Examined by Outside Doctor. ECF No. 123.

Rule 35 of the Federal Rules of Civil Procedure provides, in relevant part,

> **(a) Order for Examination**
> **(1)** *In general*. The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> **(2)** *Motion and Notice; Contents of the Order*. The order:
> > **(A)** may be made only on motion for good cause and notice to all parties and the person to be examined; and
> > **(B)** must specify the time, place, manner, conditions, and scope of examination, as well as the person or persons who will perform it.

FED. R. CIV. P. 35(a). However, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 Fed. Appx. 611, 614 (7th Cir. 2003). Instead, Rule 35 allows, under "appropriate circumstances," a court "to order a party to submit to a physical examination at the request of an opposing party." *Id.; see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (no abuse of discretion where the district court denied the plaintiff's Rule 35 motion where the plaintiff's "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs"); *Vinson v. U.S. Marshals Serv.*, C/A No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) (adopting the Magistrate Judge's recommendation to deny the plaintiff's motion requesting a physical and mental evaluation of himself). Accordingly, Plaintiff's Motion for Physical Examination, ECF No. 120, is denied.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Physical Examination, ECF No. 120, is denied.

IT IS SO ORDERED.

August 16, 2013　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　United States Magistrate Judge